# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEVEN H. SMITH, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. CIV-09-696-D ) |
| MICHAEL J. ASTRUE, Commissioner, Social Security Administration, | ) ) ) ) |
| Defendant. | ) |

## ORDER

Plaintiff brought this action pursuant to 42 U.S.C. §405(g) for review of the decision of the Commissioner of Social Security Administration denying Plaintiff's application for disability benefits. The matter was referred to United States Magistrate Judge Robert E. Bacharach for initial proceedings in accordance with 28 U.S.C. §636 (b)(1)(B).

On February 26, 2010, the Magistrate Judge filed a Report and Recommendation [Doc. No. 15] in which he recommended that the Commissioner's decision be affirmed. Because Plaintiff timely objected to the recommendation, the matter is reviewed *de novo.*

In reviewing the Commissioner's decision, the Court may not reweigh the evidence or substitute its judgment for that of the Commissioner; instead, it must determine only if the correct legal standards were applied and if the decision is supported by substantial evidence in the record. *Washington v. Shalala,* 37 F. 3d 1437, 1439-40 (10th Cir. 1994); *Castellano v. Secretary of Health & Human Servs.*, 26 F. 3d 1027, 1028 (10th Cir. 1994). Substantial evidence is that which a reasonable person might deem adequate to support the ultimate conclusion. *Castellano*, 26 F. 3d at 1028. Evidence is not substantial for this purpose if it is "overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992).

The decision of the Administrative Law Judge ("ALJ") in a Social Security disability hearing must be supported by substantial evidence; in addition to discussing the evidence supporting his decision, the ALJ must also discuss the uncontroverted evidence on which he does not rely and any significantly probative evidence he rejects. *Haddock v. Apfel*, 196 F. 3d 1084, 1088 (10th Cir. 1999); *Clifton v. Chater*, 79 F. 3d 1007, 1010 (10th Cir. 1996).

In this case, Plaintiff contends he is disabled as a result of back pain caused by degenerative disc disease and scoliosis. He argues that the Administrative Law Judge ("ALJ") erred in his analysis of the opinions of Plaintiff's treating physician, Dr. Perry Klaassen. Plaintiff contends that, as a result, the ALJ's opinion is not supported by substantial evidence in the record and must be rejected. Plaintiff contends that there was ample evidence to support Dr. Klaassen's opinion regarding that Plaintiff was unable to sit for a six-hour period because of his back pain.

In the Report and Recommendation, the Magistrate Judge discussed at length the ALJ's analysis and findings regarding the medical opinions reflected in the record, including the opinion of Dr. Klaassen. After a thorough discussion and analysis, the Magistrate Judge concluded that the ALJ clearly explained his reasons for rejecting that opinion; furthermore, the Magistrate Judge explained that substantial evidence in the record supports the ALJ's conclusion and the determination that Plaintiff is not disabled within the meaning of the Social Security Act.

Plaintiff also challenged the ALJ's assessment of Plaintiff's credibility with regard to the degree of pain he experienced. He contends in his objection that the ALJ failed to adequately identify the portions of Plaintiff's testimony which he found unworthy of belief and failed to analyze the factors bearing on credibility.

The issue of credibility was also discussed at length by the Magistrate Judge at pages 7

through 9 of the Report and Recommendation. He accurately stated the applicable legal standards, and he cited the portions of the record which establish that the ALJ properly applied the law in assessing Plaintiff's credibility. After discussing the credibility factors, the Magistrate Judge noted that the ALJ is not required to provide "a formalistic factor-by-factor recitation of the evidence" to comply with these requirements. *See Qualls v. Apfel*, 206 F. 3d 1368, 1372 (10th Cir. 2000). The Court agrees with the Magistrate Judge that the ALJ did not err in his assessment of Plaintiff's credibility.

In his objection to the Report and Recommendation, Plaintiff also contends that the ALJ erred in adopting the opinion of Dr. Lynn regarding Plaintiff's residual functional capacity. He argues the ALJ should have instead adopted the opinion of Dr. Klaassen.

Plaintiff's contention is without merit. An ALJ may properly rely on a medical expert's opinion in determining a claimant's residual functional capacity. *Salazar v. Barnhart*, 172 F. App'x 787, 790 (10th Cir. 2006)(unpublished opinion). In this case, as the Magistrate Judge discussed in detail, the ALJ gave adequate reasons for rejecting Dr. Klaassen's opinion and for relying on the opinion of Dr. Lynn. His conclusion is supported by substantial evidence in the record.

The Court has carefully considered the Plaintiff's arguments as well as the Magistrate Judge's thorough discussion of the evidence and the applicable legal standards. Having reviewed the record, the Court concludes that the Magistrate Judge's Report and Recommendation [Doc. No. 15] should be, and is hereby, ADOPTED. The decision of the Commissioner is affirmed.

IT IS SO ORDERED this 23rd day of June, 2010.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE